UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILIP J. PAPINEAU, JR.<br>Plaintiff | CIVIL ACTION |
| v. | COMPLAINT |
| CAVALRY PORTFOLIO SERVICES, LLC<br>Defendant | JANUARY 5, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and also includes pendant state law claims for violation of the Creditor Collection Practices Act, Conn. Gen. Stat. §§ 36a-645 *et. seq.*

### II. PARTIES

2. The plaintiff, Philip J. Papineau, Jr., is a natural person residing in Norwich, Connecticut.

3. The defendant, Cavalry Portfolio Services, LLC ("Cavalry), is a Delaware Limited Liability Company, located in New York and Arizona. Cavalry engages in the purchase and collection of default consumer debt.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Cavalry because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. On or around September 20, 2002, Plaintiff entered into a Retail Installment Contract ("the Contract) for the purchase of a vehicle which was assigned to Mitsubishi Motor Credit Association for valuable consideration.

8. In 2004, Plaintiff rightfully rescinded the Contract.

9. Calvary subsequently purchased the rights to the Contract.

10. Sometime in August 2009, in an attempt to collect under the Contract, Calvary called and left a message at Plaintiff's workplace; in response, Plaintiff called Calvary and left a message instructing Calvary to contact his attorney and provided his attorney's contact information on that message, and he also left his personal cell phone number.

11. On or around August 29, 2009, Calvary called Plaintiff's cell phone and spoke with Plaintiff, and during that conversation, Calvary told Plaintiff that they had received his attorney's contact information, but that the number he had given them for his attorney was no longer in service.

12. Plaintiff asked Calvary to give him the number they had for his attorney, and he again provided Calvary with his attorney's contact information, at which point Calvary told him that he still had to pay under the Contract and asked him whether he intended on making a payment.

13. Plaintiff told Calvary to call his attorney, and he hung up.

14. After hanging up, Plaintiff called the number Calvary had given to him and confirmed that that number reached his attorney and was in fact in service.

## V. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

15. Paragraphs 1-14 are herein incorporated.

16. Cavalry violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c(a)(2), when it asked Plaintiff whether he intended on making a payment even though Plaintiff had already given Calvary his attorney's contact information.

17. Cavalry violated FDCPA § 1692e(2)(A) by misrepresenting the character, amount or legal status of the debt.

18. For Cavalry's violations of the Fair Debt Collection Practices Act as described above, Plaintiff is entitled to recover his actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### SECOND CAUSE OF ACTION
### Violations of Creditor Collection Practices Act, Conn. Gen. Stat. §§ 36a-645 et seq.

19. Paragraphs 1-14 are herein incorporated.

20. Cavalry violated the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. §§ 36a-645 *et. seq.* and regulations promulgated thereunder by the Connecticut Department of Banking, as follows:

    a.    Cavalry violated Conn. Agencies Reg. § 36a-647-4(a)(2) when it asked Plaintiff whether he intended on making a payment even though Plaintiff had already given Calvary his attorney's contact information.

    b.    Cavalry violated Conn. Agencies Reg. § 36a-647-6(2)(A) by misrepresenting the character, amount or legal status of the debt.

21. For Cavalry's violations of the Creditor Collection Practices Act as described above, the Plaintiff is entitled to recover his actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to Conn. Gen. Stat. § 36a-648.

WHEREFORE, the Plaintiff seeks recovery of monetary damages pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. § 36a-648; statutory damages pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. § 36a-648; attorney's fees and costs pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. § 36a-648; and such other relief as this Court deems appropriate.

PLAINTIFF, PHILIP J. PAPINEAU, JR.

By: *[signature]*

Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Matthew W. Graeber, ct27545
mgraeber@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457